# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DUANE A. DAVIDS and JULIE A. DAVIDS,<br><br>        Plaintiffs,<br>vs.<br><br>IOWA DEPARTMENT OF EDUCATION, NORTH IOWA COMMUNITY SCHOOL DISTRICT, JULIE BALVANCE, JAMIE THOMSEN, MICHAEL HOLSTAD, RANDE GIESKING, MATT DUVE, RENAE SACHS, TOM RYGH, ANDREA BAKKER, DIEDRE WILLMERT, and LARRY HILL<br><br>        Defendants. | No. C 14-3002-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT IOWA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS |

_____

    In their Complaint (docket no. 3) in this action, filed on January 24, 2014, plaintiffs Duane A. Davids and Julie A. Davids assert claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, challenging the alleged denial by the defendants of the Davids's rights to due process and equal protection. The Davids's claims arise from the defendants' alleged refusal or knowledge of other defendants' alleged refusal to reimburse the Blue Earth Area School District in Minnesota for educational costs for the Davids's children to attend school in that district across the state line.

    Defendant Iowa Department of Education (IDOE) filed a Motion To Dismiss (docket no. 7) on April 4, 2014, asserting that it is not a "person" amenable to suit under 42 U.S.C. § 1983, that Eleventh Amendment sovereign immunity bars the Davids's actions against a state agency in federal court, and that the Davids's allegations against

the IDOE are insufficient to support a "conspiracy" claim pursuant to 42 U.S.C. § 1985. The Davids belatedly filed a Resistance (docket no. 8) on April 30, 2014, but most of their Resistance is not responsive to the IDOE's arguments for dismissal, and those parts that are responsive are contrary to well-settled controlling precedent, as explained below. On May 6, 2014, the IDOE filed a Reply (docket no. 9) in further support of its Motion To Dismiss, asserting that the Davids's arguments in their Resistance "have notable flaws" and that their "response to issues that are actually relevant to the pending Motion are scant." I agree.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). The Davids's contentions that there can be little doubt that the IDOE's actions are "state actions" and that the IDOE is a "state actor" within the meaning of § 1983 notwithstanding, "[a]s the Supreme Court reminded us, 'a State is not a "person" against whom a § 1983 claim for money damages might be asserted.'" *Id.* (quoting *Lapides v. Board of Regents*, 535 U.S. 613, 617 (2002)); *see also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). The same is true of a state agency or other "arm" of the state. *See Howlett v. Rose*, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) ("[A] § 1983 suit cannot be brought against the State or [a state agency]," because they are not "persons" within the meaning of § 1983 (citing *Will*, 491 U.S. at 64 & 70); *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (an agency exercising state power is not a "person" subject to a § 1983 suit). Furthermore, Eleventh Amendment sovereign immunity bars

suit against a state agency for any kind of relief. *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *see also Larson v. Kempker*, 414 F.3d 936, 939 n. 3 (8th Cir. 2005) (the Eleventh Amendment bars a § 1983 lawsuit against a state agency, even if the agency is the moving force behind an alleged deprivation of a federal right (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). To put it another way, § 1983 does not abrogate a state's or a state agency's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Hadley v. North Ark. Comty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996).

THEREFORE, defendant IDOE's April 4, 2014, Motion To Dismiss (docket no. 7) is **granted**, all claims against the IDOE are **dismissed**, and the IDOE is **dismissed from this action**.

**IT IS SO ORDERED**.

**DATED** this 9th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA