# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DUANE A. DAVIDS and JULIE A. DAVIDS, <br><br> Plaintiffs, <br> vs. <br><br> NORTH IOWA COMMUNITY SCHOOL DISTRICT, JULIE BALVANCE, JAMIE THOMSEN, MICHAEL HOLSTAD, RANDE GIESKING, MATT DUVE, RENAE SACHS, TOM RYGH, ANDREA BAKKER, DIEDRE WILLMERT, and LARRY HILL <br><br> Defendants. | No. C 14-3002-MWB <br><br> **MEMORANDUM OPINION AND ORDER SETTING ASIDE JUDGMENT** |

_____

This case is before me on the plaintiffs' May 5, 2015, Motion To Set Aside Judgment (docket no. 18). The defendants filed their Resistance (docket no. 19) to that motion on May 13, 2015. I heard telephonic oral arguments on the motion on June 9, 2015.

The Judgment (docket no. 17) that the plaintiffs seek to set aside was entered on April 28, 2015, after the plaintiffs failed to file a timely response to the defendants' February 19, 2015, Motion For Summary Judgment (docket no. 14) or to my April 8, 2015, Order (docket no. 15), setting a final deadline of April 22, 2015, for the plaintiffs to respond to the defendants' Motion For Summary Judgment, in the manner required by N.D. IA. L.R. 56. In support of their Motion To Set Aside Judgment, the plaintiffs explain that they have carefully reviewed their email records for February and March of this year, but they can find no email notices from the court's CM/ECF system of the

filing of the defendants' Motion For Summary Judgment or my April 8, 2015, Order. Thus, they did not learn of the filing of that motion or my Order until contacted by my office after the Judgment was entered. At the oral arguments, the only addition that the defendants made to their written resistance brief was to point out that the Electronic Case Filing Procedures Manual for the Northern and Southern Districts of Iowa provides, in Part XV.B.3., that "[a] filer is not excused from missing a filing deadline because of (a) problems attributable to the court, or (b) problems attributable to the filer (such as phone line problems, problems with the filer's Internet Service Provider, hardware problems, or software problems)."

Rule 60(b) of the Federal Rules of Civil Procedure provides that a judgment may be set aside, *inter alia*, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1) and (6). Focusing on "excusable neglect," the Eighth Circuit Court of Appeals has explained,

> To determine whether conduct is excusable, courts consider several factors, including: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." [*In re Guidant Corp.*, 496 F.3d 863, 866 (8th Cir. 2007).] (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). The reason for the delay is a "key factor in the analysis," *In re Guidant Corp.*, 496 F.3d at 867, but the excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.

*Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014). A district court's decision on whether or not to set aside a judgment is reviewed for abuse of discretion. *Id.*

Here, the precise reason for the failure of the plaintiffs to receive automatic email notifications of the filing of the defendants' Motion For Summary Judgment and my Order requiring a response to that motion are still not known. Nevertheless, I conclude, here, that the plaintiffs' reliance on the CM/ECF system to provide them with such notifications was not wholly unreasonable and that the problem was not within their reasonable control. Indeed, in the circumstances of this case, at least, I believe that Part XV.B.3. of the Electronic Case Filing Procedures Manual is unduly harsh. Although the better course might have been for the plaintiffs to calendar pertinent deadlines for this case and to check on the status of the case on the CM/ECF docket system on a regular basis or at critical deadlines, the failure to do so does not sink to the level of *inexcusable* neglect in this case. For example, there is no evidence that the plaintiffs' law firm has habitually ignored court ordered deadlines, in either this or any other case in the Northern District or Southern District of Iowa, and they responded to the prior Motion To Dismiss in this case, so that neglect of deadlines is "out of character." While it will be necessary to get the case back on track procedurally, if I set aside the Judgment, I do not believe that undue delay or prejudice will result. Thus, I am satisfied that the factors relevant to setting aside a judgment for "excusable neglect" are satisfied in this case. *See Freeman*, 764 F.3d at 809; FED. R. CIV. P. 60(b)(1). I also conclude that the plaintiffs were, indeed, "surprised" by the entry of the Judgment in this case. FED. R. CIV. P. 60(b)(1). Finally, as to other reasons that justify relief, FED. R. CIV. P. 60(b)(6), I believe that it would be unjust to dismiss this case on the basis of a procedural error. Rather, it is appropriate to give the parties a full and fair chance to litigate the defendants' Motion For Summary Judgment and, if appropriate, proceed to trial.

THEREFORE,

1. The plaintiffs' May 5, 2015, Motion To Set Aside Judgment (docket no. 18) is **granted**, and the April 28, 2015, Judgment (docket no. 17) is **set aside**;

2.	The plaintiffs shall have **to and including June 23, 2015,** to file a resistance to the defendants' February 19, 2015, Motion For Summary Judgment (docket no. 14), and the defendants may thereafter file any reply, all in compliance with applicable local rules;

3.	After I have ruled on the defendants' Motion For Summary Judgment, I will, if necessary, set a deadline for the parties to submit proposed deadlines for further proceedings and a proposed date for trial.

**IT IS SO ORDERED**.

**DATED** this 9th day of June, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA